IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lamont Terrell Davis, | Cr. No. 3:11-834-CMC |
| Defendant-Petitioner | |
| v. | **Opinion and Order** |
| United States of America, | |
| Plaintiff-Respondent. | |

Defendant, through his attorney, seeks relief pursuant to 28 U.S.C. § 2255. ECF No. 100. The Government filed a motion to dismiss or for summary judgment, as well as an opposition to Defendant's § 2255 motion. ECF Nos. 104, 105. On July 15, 2016, Defendant filed a response in opposition to the Government's motion for summary judgment as well as a cross motion for summary judgment. ECF Nos. 106, 107.

**I.   Background**

On July 19, 2011, Defendant was indicted for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). ECF No. 1. On October 17, 2011, Defendant entered into a written plea agreement to plead guilty to the charge. ECF No. 32. As a part of the plea agreement, Defendant waived his direct appeal rights and his right to file a motion for relief under § 2255 except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct. The same day, Defendant appeared before the court and after a thorough Rule 11 hearing, entered a guilty plea to felon in possession.

A Pre-Sentence Report (PSR) concluded Defendant was an armed career criminal under the Armed Career Criminal Act ("ACCA") and faced a mandatory minimum term of imprisonment

of fifteen (15) years and a maximum term of life imprisonment. The PSR found that Defendant's prior convictions for Possession with Intent to Distribute Cocaine (1999) and Possession with Intent to Distribute Crack Cocaine within a ½ mile proximity of a school (2005) were serious drug offenses, and qualified as predicate convictions for ACCA purposes. A prior conviction for Resisting Arrest with Assault on an officer was found to be a "violent felony offense" that qualified as a predicate conviction for the ACCA as well. *See* PSR ¶¶ 34, 41, 42, ECF No. 40.

Defendant objected to the resisting arrest with assault on an officer conviction counting as a predicate conviction for the ACCA. Defense counsel's objection stated that he was unable to determine which portion of the statute Defendant was convicted under: the lesser charge of resisting or the more serious charge of assault on an officer while resisting. ECF No. 40-1. The Probation Officer noted that Defendant was convicted of S.C. Code § 16-9-320(B), the subsection for resisting with assault on an officer, instead of subsection (A), the lesser included offense. Therefore, the Probation Officer included this offense as a violent felony for ACCA purposes.[1]

On March 7, 2012, Defendant appeared for sentencing. The court overruled Defendant's objections and sentenced him to 262 months' imprisonment. Defendant appealed his sentence, arguing that the district court erred by denying him a reduction for acceptance of responsibility.[2] This court's decision was affirmed by the Fourth Circuit on August 16, 2012. ECF No. 76.

---

[1] While at Alvin S. Glenn Detention Center awaiting sentencing, Defendant was charged with two counts of assault on a correctional officer. ECF No. 68-1. Defendant's acceptance of responsibility points were withdrawn as a result of this conduct. Defendant objected to the loss of acceptance.

[2] The acceptance of responsibility issue was the only one before the Court of Appeals. Defendant did not raise any issue related to his ACCA status on appeal.

2

Defendant filed a §2255 motion on April 8, 2013, arguing that 18 U.S.C. § 3231, the federal criminal jurisdiction statute, is unconstitutional and the Government had no jurisdiction to prosecute him. ECF No. 78. Finding that Defendant's argument was "wholly frivolous and foreclosed by law," the court granted the Government's motion to dismiss or for summary judgment and dismissed Defendant's § 2255 motion with prejudice. ECF No. 85.[3]

On June 27, 2013, the Fourth Circuit docketed an appeal from the denial of Defendant's § 2255 motion. No. 13-7015. After Defendant failed to file an informal brief, that appeal was dismissed for failure to prosecute. No. 13-7015, ECF No. 5 (4th Cir. Aug. 22, 2013).

On March 31, 2014, Defendant filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Davis v. Warden*, No. 5:14-188-WTH-PRL (M.D. Fl. Mar. 31, 2014). Defendant argued that he pled guilty to a non-violent offense, resisting arrest with assault, which should not have been counted as a "violent felony" under the ACCA. No. 5:14-188-WTH-PRL, ECF No. 1. However, on May 19, 2016, Defendant's § 2241 petition was "dismissed without prejudice to his filing an application for leave to file a second or successive motion in the sentencing court under 28 U.S.C. § 2255." No. 5:14-188-WTH-PRL, ECF No. 18.

On June 19, 2014, Defendant filed a § 2244 motion with the Fourth Circuit for authorization to file a successive § 2255 motion. No. 14-299. Defendant argued that a new rule announced in *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013), entitled him to relief

---

[3] The Government contends in its memorandum in support of its motion to dismiss (ECF No. 104, at 3) that Defendant filed a § 2244 motion on June 18, 2013, and cites this as ECF No. 89. However, ECF No. 89 is a Petition for Certificate of Appealability by Defendant regarding his prior unsuccessful § 2255 motion. As noted by the Government, this was denied by the Fourth Circuit on August 22, 2013. ECF No. 97.

because "any element that increases the mandatory minimum [or maximum] sentence must be found by a jury, or admitted by defendant, must include 'prior conviction." No. 14-299, ECF No. 2 at 9. Defendant also argued that his "state conviction for common law resisting arrest with assault cannot serve as an ACCA predicate." *Id.* at 11. On July 1, 2014, the Fourth Circuit denied Defendant's § 2244 motion. No. 14-299, ECF No. 4.

On October 26, 2015, Defendant again filed a § 2244 motion with the Fourth Circuit, seeking authorization to file a successive § 2255 motion. Defendant now argued that he was entitled to relief under *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2115 (2015), and his prior conviction for resisting arrest should not qualify as a predicate offense for ACCA purposes after the residual clause was held unconstitutional. No. 15-388, ECF No. 2. His § 2244 motion was denied by the Fourth Circuit on May 3, 2016. No. 15-388, ECF No. 7.

Prior to filing the instant motion, Defendant filed another § 2244 motion with the Fourth Circuit. No. 16-9183. On June 21, 2016, he received permission to file a second or successive motion under § 2255. ECF No. 99. The instant motion under § 2255 was thereafter filed on June 21, 2016. ECF No. 100.

## II. The ACCA

A conviction for felon in possession typically carries a statutory maximum sentence of ten years in prison. *See* 18 U.S.C. § 924(a)(2). However, if the accused has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen years imprisonment with a maximum term of life imprisonment. Title 18 U.S.C. § 924(e)(1) provides:

4

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

As is relevant to this case, the statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The first clause, § 924(e)(2)(B)(i), is typically referred to as the "use of force" clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another."). The first part of the second clause, § 924(e)(2)(B)(ii), lists specific offenses – burglary, arson, extortion, offenses involving use of explosives – and is commonly denoted as the "enumerated offense" clause. Finally, the portion of § 924(e)(2)(B)(ii) covering a conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is generally referred to as the "residual clause."

### III.     *Johnson* **and** *Welch*

On June 26, 2015, the Supreme Court held that the residual clause of the ACCA violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson v. United States*, 576 U.S. __, __, 135 S. Ct. 2551, 2557 (2015). By holding the residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The residual clause can no longer support a defendant's classification as an armed career criminal.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), which held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review, such as Defendant's case. Therefore, Defendant's § 2255 motion, filed within one year of the *Johnson* decision, is timely[4] and ripe for resolution.

    *a. ACCA Discussion*

Defendant has three predicate convictions which served to qualify him for the ACCA enhancement: two felony drug offenses and a resisting arrest with assault on an officer conviction. While Defendant's drug offenses were untouched by the *Johnson* ruling, his other predicate offense, resisting arrest with assault on an officer, was counted as a violent felony under the residual clause. The issue at hand is whether the resisting arrest with assault on an officer conviction also qualifies as an ACCA predicate conviction under the force clause, or only qualified under the now-defunct residual clause, in which case Defendant is no longer an armed career criminal.

---

[4]"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."
28 U.S.C. § 2255(f)(1)-(3). Due to *Welch*, § 2255(f)(3) is applicable to *Johnson* cases on collateral review, and defendants had until June 26, 2016 to file. Defendant filed his motion on June 21, 2016.

In order to decide whether Defendant's conviction qualifies under the ACCA force clause, this court must determine whether resisting arrest with assault on an officer "has as an element the use, attempted use, or threatened use of physical force against the person of another." §924(e)(2)(B).

### i. Divisibility

A threshold question to be dealt with in conjunction with the violent felony analysis is that of divisibility. Statute divisibility depends on whether disjunctive language serves to create alternative elements by which the crime may be committed, or merely sets forth alternative means of satisfying a single element. *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243, 2249 (2016). If the South Carolina statute at issue is not divisible, then the categorical approach will determine whether the violent felony standard is satisfied by the least culpable conduct criminalized by the statute. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) ("To determine whether a prior state conviction constitutes a predicate crime of violence justifying an enhanced federal sentence, we generally follow the categorical approach.").[5] If the statute is divisible, then the court is to use the modified categorical approach and may examine approved "*Shepard*" documents to determine the statutory alternative under which a defendant was actually convicted. *Descamps v. United States*, 570 U.S. __, __, 133 S.Ct. 2276, 2283 (2013).

---

[5] Although *Torres-Miguel* considered a sentence enhancement under the illegal reentry guideline, instead of the ACCA, the Fourth Circuit considers interpretations of that enhancement controlling when considering the ACCA "because the language of the force clause in the Armed Career Criminal Act and the reentry guideline is identical, and we have previously relied on case law construing one provision as helpful in construing the other." *United States v. Aparacio-Soria*, 740 F.3d 153, 154 (4th Cir. 2014).

The statute under which Defendant was convicted, S.C. Code § 16-9-320(B), states as follows:

> (B) It is unlawful for a person to knowingly and willfully assault, beat, or wound a law enforcement officer engaged in serving, executing, or attempting to serve or execute a legal writ or process or to assault, beat, or wound an officer when the person is resisting an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not. A person who violates the provisions of this subsection is guilty of a felony and, upon conviction, must be fined not less than one thousand dollars nor more than ten thousand dollars or imprisoned not more than ten years, or both.

While the text of the statute contains several disjunctive phrases, the jury need not determine whether a defendant assaulted, beat, or wounded a law enforcement officer. These are simply alternative means by which one can commit the crime. *See State v. Tyndall*, S.E.2d 278, 284 (S.C. Ct. App. 1999) ("The offense of resisting arrest requires proof that a person knowingly and wilfully assaulted, beat or wounded a law enforcement officer during an arrest when the person resisting knew or should have known the officer was a law enforcement officer."); *State v. Middleton*, 755 S.E.2d 432, 435 (S.C. 2014) (reasoning in an assault and battery case that "[t]he word 'or' used in a statute, is a disjunctive particle that marks an alternative. The word 'or' used in a statute imports choice between two alternatives and as ordinarily used, means one or the other of two, but not both." (citing *Brewer v. Brewer*, 129 S.E. 2d 736, 738 (S.C. 1963))); *United States v. Hemingway*, 734 F.3d 323, 335 (4th Cir. 2013) ("Because [assault and battery of a high and aggravated nature ("ABHAN")], as defined by the court of South Carolina, does not concern any

8

list of alternative elements, the modified categorical approach has no role to play." (citations omitted))[6].

Therefore, subsection (B) is not divisible, and only the categorical approach may be used to determine whether § 16-9-320(B) is a violent felony under the force clause of the ACCA**.**

        ii.   Violent Felony

Having determined the categorical approach applies, the court must now determine "whether the conduct criminalized by the statute, including the most innocent conduct, qualifies" as a violent felony. *Torres-Miguel*, 701 F.3d at 167. The force clause of the ACCA applies to an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). As defined by the Supreme Court, "the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*"). Therefore, the "most innocent conduct" criminalized under § 16-9-320(B) must require the use of violent physical force - "unwanted touching" or slight intentional physical contact is not sufficient. *See id.* at 139.

The statute under which Defendant was convicted requires "proof that a person knowingly and willfully assaulted, beat or wounded a law enforcement officer during an arrest when the person resisting knew or should have known the officer was a law enforcement officer." *Tyndall*,

---

[6] Although *Hemingway* considered common law ABHAN (as Defendant was convicted before ABHAN was codified in 2010), common law offenses are treated the same as statutory offenses for divisibility purposes. *Hemingway*, 734 F.3d at 331-32 ("There is simply no material distinction that can be made between common law and statutory offenses [in the context of divisibility]. . . [T]he modified categorical approach has no role to play where the previous crime was an indivisible common law offense.")

9

518 S.E.2d at 284. While beating or wounding an officer may satisfy the violent physical force requirement, the "most innocent conduct" of assaulting the officer may not qualify.

This court is not aware of any court that has considered whether South Carolina Code § 16-9-320(B) qualifies as an ACCA predicate offense under the force clause.

> In evaluating a state conviction for ACCA predicate offense purposes, a federal court is bound by the [state supreme court's] interpretation of state law, including its determination of the elements of the potential predicate offense. . . .In multiple instances, state criminal statutes define offenses by reference to the common law, leaving reviewing courts to fill in the essential elements.

*Hemingway*, 734 F.3d at 332. The South Carolina statute at issue has as an element "assaulting, beating, or wounding" a law enforcement officer. As precedent from South Carolina courts makes clear, assault in South Carolina does not require the "violent physical force" necessary to satisfy the *Johnson 2010* definition of force. In fact, the South Carolina Supreme Court has held that assault does not require contact between the victim and the perpetrator. *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. 2008); *see also State v. Sutton*, 532 S.E.2d 283, 285 (S.C. 2000) ("[T]he Court has on at least two occasions defined an assault as placing another in apprehension of harm."); *State v. Mims*, 335 S.E.2d 237 (S.C. 1985) ("Assault. . . differs from assault and battery in that there is no touching of the victim."). Though not required by § 16-9-320(B), even assault and battery, as defined in South Carolina law, does not meet the requirement of violent physical force, as it can be committed with "any touching of the person in a rude or angry manner, without justification." *State v. LaCoste*, 553 S.E.2d 464, 471 (S.C. Ct. App. 2001); *see also Mellen*, 659 S.E.2d at 245 ("Physical injury is not an element of battery. While there must be a touching, any forcible contact, irrespective of its degree, will suffice.").

10

Decisions regarding similar statutes are instructive in applying the South Carolina definitions of assault or assault and battery and determining whether § 16-9-320(B) has as an element the use, attempted use, or threatened use of physical force against the person of another. Federal courts to consider South Carolina common law assault have noted that, because assault can be committed without any physical contact, and assault and battery is satisfied by any "offensive touching" or slight physical contact, offenses with an element of assault or assault and battery cannot qualify as predicate offenses under the ACCA force clause. *See, e.g.*, *Hemingway*, 734 F.3d at 335 (noting, as to South Carolina common law offense of ABHAN, that the Government "properly concede[d]" that *Johnson 2010* "precludes reliance on the force clause to count ABHAN as an ACCA predicate offense because ABHAN can be committed even if no real force was used against the victim."); *United States v. Montez-Flores*, 736 F.3d 357, 369 (4th Cir. 2013) (addressing the identically worded force clause of the illegal re-entry guideline on direct appeal, and holding, as to South Carolina ABHAN, "[b]ecause ABHAN can be committed with or without force – and even when force is involved, ABHAN can be committed in a violent or nonviolent manner – a conviction for ABHAN is not categorically for a crime of violence."); *United States v. Jones*, 114 F.Supp.3d 310, 320-21 (D.S.C. 2015) (holding that a South Carolina statute addressing assault on a correctional officer is not a qualifying offense under the ACCA force clause because it requires only physical contact, and not violent force as defined in *Johnson 2010*).

An assault statute similar to § 16-9-320(B) was noted by the Fourth Circuit ineligible to count as a "crime of violence" under the force clause of the career offender guideline. In *United States v. Carthorne*, the Fourth Circuit examined a Virginia statute criminalizing assault and

11

battery of a police officer ("ABPO").  726 F.3d 503 (4th Cir. 2013).  Although that case dealt with a defendant's categorization as a career offender, instead of under the ACCA, the career offender guideline's force and residual clauses at that time mirrored those of the ACCA.[7]  The Virginia statute provided that any person who 1) commits an assault or an assault and battery against another, 2) knowing or having reason to know that such other person is. . . a law enforcement officer, 3) engaged in the performance of his public duties shall be guilty of a felony.  *Id.* at 512.  Importantly, the Government conceded the Virginia ABPO statute "did not have as an element of the offense the use, attempted use, or threatened use of physical force against the person of another," and so could not qualify as a predicate offense under the career offender force clause.  *Id.* at 510.  The Ninth and Eleventh Circuits have also noted that assault and battery on an officer statutes do not meet the force clause.  *See United States. v. Lee*, 821 F.3d 1124 (9th Cir. 2014) (noting the Government did not contend that a California statute prohibiting "knowingly resist[ing], by the use of force or violence, the officer, in the performance of his or her duty" met the force clause of the career offender guideline); *Rozier v. United States*, 701 F.3d 681, 685 (11th Cir. 2012) (noting its previous finding that a defendant's conviction for "battery of a law

---

[7] *Carthorne*, 726 F.3d at 511 ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), as the two terms are defined in a substantively identical manner.") (citations omitted).

12

enforcement officer" only qualified as a predicate under the residual clause of the career offender guideline, as that offense "may be committed without actual violence.").

The Fourth Circuit considered the Maryland resisting arrest by force statute, *en banc*, in the context of the illegal re-entry guideline. *Aparacio-Soria*, 740 F.3d 153. This Maryland statute required that a defendant resist arrest "by force." *Id.* at 155. The court reasoned that *Johnson 2010's* definition of physical force "specifically excludes from consideration 'the slightest offensive touching.'" *Id.* Therefore, the court found that Maryland's resist by force statute did not "contain as an element the use, attempted use, or threatened use of violent force capable of causing physical pain or injury against another person," because "the force required for conviction pursuant to the Maryland resisting arrest statute is merely 'offensive physical contact.'" *Id.*

The South Carolina offense codified in § 16-9-320(B) is similar to South Carolina ABHAN and the Virginia and Maryland statutes all found by the Fourth Circuit not to qualify as predicate offenses under the various force clauses. South Carolina case law makes it clear that an assault may be committed without the application of violent physical force. The Fourth Circuit consistently holds, under *Johnson 2010*, that this is insufficient force to qualify as a "violent felony" or "crime of violence" under a force clause. Therefore, this court cannot say that the most innocent conduct criminalized by the statute has as an element the use, attempted use, or threatened use of physical force against the person of another.

The Government argues that the Fourth Circuit defined assault as an "attack" in *United States v. Hampton*, 628 F.3d 654, 660 (4th Cir. 2010), and therefore that the "plain meaning of assault, beat, or wound, imputes a higher degree of violent physical contact than the minimal offensive contact standard of a simple battery." ECF No. 104 at 7. However, *Hampton* is simply

13

not persuasive here, as it dealt with a guideline enhancement unrelated to the force clause analysis. Further, the Government's argument is undermined by the very dictionary definitions of "assault" described in the case it cites: "Black's Law Dictionary lists several definition of 'assault:' 'a threat or use of force'. . . 'an attempt to commit battery,' 'a battery,' and 'any attack.' Webster's defines the term as a 'violent physical *or verbal* attack. . . .'" *Hampton*, 628 F.3d at 660 (emphasis added). Many of these options do not require the use of physical force, or include "battery" within the definition of "assault." Finally, the Fourth Circuit specifically noted in *Hampton* that it "did not look to South Carolina law to define assault," *id.* at 663, as is necessary in cases under the ACCA such as Defendant's.[8]

South Carolina Code § 16-9-320(B) does not have an element of violent physical force, and as such cannot be classified as a predicate offense under the force clause of the ACCA. Accordingly, § 16-9-320(B) could only have counted as an ACCA predicate under the now-unconstitutional residual clause. As a result, it can no longer serve as a predicate offense for the ACCA.

### IV. Conclusion

As Defendant no longer has the requisite three predicate convictions, he is not an Armed Career Criminal and is entitled to be resentenced. The court grants Defendant's motion for relief under § 2255, denies the Government's motion to dismiss or for summary judgment, and grants

---

[8] *Hemingway*, 734 F.3d 323, 332 (4th Cir. 2013) ("In evaluating a state conviction for ACCA predicate offense purposes, a federal court is bound by the [state supreme court's] interpretation of state law, including its determination of the elements of the potential predicate offense.")

Defendant's cross motion for summary judgment. The Judgment Order as to Lamont Terrell Davis in CR 3:11-834 filed March 8, 2012 is hereby vacated, and this matter is set for resentencing on October 26, 2016, at 3:00pm.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 1, 2016

15